UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CASE NO.

**CAMELIIA GARRETT**  **04-18363**
**SECTION A**
DEBTOR
CHAPTER 7

### REASONS FOR DECISION

On February 13, 2007, the Court heard the Motion for Turnover of Property ("Motion") filed by the trustee, Barbara Rivera-Fulton ("Trustee"). After hearing the arguments of counsel, the Court took the matter under advisement. The Court also requested that the Trustee submit to it a breakdown of the compensation and expenses that she is requesting in this case.

**I. Facts**

On November 4, 2004, Debtor filed a voluntary petition from relief under Chapter 7 of the U. S. Bankruptcy Code.

The debtor, Camellia Garrett ("Debtor") attended her Meeting of Creditors pursuant to section 341 on December 10, 2004, and on February 14, 2005, Debtor received a discharge.

On April 25, 2005, the Trustee refunded $2,725.93 of Debtor's 2004 tax refund to Debtor.

The Trustee claims that she turned over $2,047.65 of that refund in error because she believed incorrectly that Debtor was entitled to an "Earned Income Credit" on her 2004 taxes.[1] Debtor was only entitled to receive a refund of $678.28.

The Trustee realized her mistake on November 24, 2006 while preparing her Final Report and Account of Debtor's case.

---

[1] The "Earned Income Credit" was not in effect at the time and is not retroactive.

The Trustee filed the instant Motion on January 5, 2007 seeking turnover of the $2,047.65 she turned over to Debtor in error.

The Trustee represented at the hearing that in order to pay the unsecured creditors who filed proofs of claim as well as her compensation and expenses, she will need Debtor to turnover only $1,1004.60, not the $2,047.65 stated in her Motion.

Debtor objects to the Motion on the basis that the passage of time makes the Trustee's Motion unduly prejudicial.

The total amount of allowed unsecured claims total $1,827.39. The current account balance available to pay these creditors is $1,965.52.

At the hearing, the Trustee represented that the aggregate of her compensation and expenses is $1,142.03. However, the breakdown of compensation and expenses submitted by the Trustee shows that the Trustee is now seeking $491.37 in commission and $157.18 in costs, for a total of $648.55. After subtracting the amount already in the account after paying the allowed unsecured claims, the Trustee is now seeking $510.42 from Debtor.

**II. Analysis**

The Trustee turned over $2,047.65 to Debtor in April 2005. Debtor had no reason to believe that this money was not due to her and that she would have to return it to the Trustee. The Trustee filed her Motion nearly two years after turning over the money to Debtor due to the Trustee's own accounting error. The Court finds that Debtor is prejudiced by the Trustee now seeking the return of $510.42 of the funds.

There are enough funds currently available for the Trustee to pay the allowed unsecured claims. The money being sought is for the Trustee's own compensation and expenses. The Court

is unwilling to make Debtor pay, nearly two years later, for the Trustee's error. The Court will allow the Trustee to recover from Debtor only enough to pay her expenses.

### III. Conclusion

There is $1,965.52 currently available to pay creditors. The total amount of allowed unsecured claims is $1,827.39, leaving a balance in the account of $138.13. In order for the Trustee to be paid her costs, Debtor must turnover to the Trustee only $19.05. An Order in accordance with this Reasons for Decision will be entered by the Court.

New Orleans, Louisiana, March 7, 2007.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge